BAKER, J., Dissenting
Although I dissent from today's decision, it is not because I believe the trial court's rationale for overruling Southern California Gas Company's demurrer is correct-I agree it is not. But it was a mistake for us to have intervened at this early stage of the case, and that mistake may well have significant consequences on the merits.
*129 In another case involving a utility company, our Supreme Court endorsed the rule that an appeal from a final judgment is "normally presumed to be an adequate remedy at law" for a party who believes it is aggrieved by an erroneous ruling overruling a demurrer. ( San Diego Gas & Electric Co. v. Superior Court (1996) 13 Cal.4th 893, 912-913, 55 Cal.Rptr.2d 724, 920 P.2d 669 ( San Diego Gas ).) That normally adequate remedy "thus bar[s] immediate review by extraordinary writ." ( Ibid. [explaining an exception to the bar applies in circumstances not present here, namely, when the demurrer raises an important question of subject-matter jurisdiction].)
Despite this rule, this court issued an alternative writ to review the trial court's demurrer ruling, tentatively concluding the trial court erred in determining "the general prohibition against liability for pure economic loss does *596 not apply in a mass tort action."[1] Today's decision finalizes that tentative conclusion and holds the trial court's rationale was indeed erroneous. But there is wisdom in the San Diego Gas rule, which generally permits erroneous demurrer rulings to stand until final judgment.
Had we declined to intervene now, we would have a more developed record on which to base our decision when confronted with a later appeal or writ petition. And the existence of a more developed record, to my mind, is important to arrive at an appropriate disposition of this case. I think it is quite possible that some-but certainly not all-of the businesses in a five-mile radius from the Aliso Canyon Storage Facility are situated such that Southern California Gas Company owed them a duty of care. In other words, I believe some businesses in the immediate geographic area of the gas leak could have a special dependence on that area such that harm to them would be foreseeable to Southern California Gas Company in a way it would not with respect to many other businesses in the area.[2] (See, e.g., Union Oil Co. v. Oppen (9th Cir. 1974) 501 F.2d 558, 568, 570 [determining-on appeal from partial summary judgment-that companies responsible for an oil spill in the Santa Barbara Channel area owed a duty to commercial fishermen in the area "whose economic or personal affairs were discommoded by the oil spill," but not other businesses].) Indeed, there is reason to believe plaintiff and Real Party in Interest Polonsky Family Day Care is such a business because it would be unusually dependent on customers who work or live in the vicinity of the gas leak.[3] Because the majority's *130 opinion resolves the business plaintiffs' litigation on the demurrer record, however, it has no ability to approach the question of duty with a scalpel, and unfortunately resolves it instead with a meat axe. (Compare Kesner v. Superior Court (2016) 1 Cal.5th 1132, 1140, 210 Cal.Rptr.3d 283, 384 P.3d 283 [reversing Court of Appeal holding that employer owed no duty of care to avoid take-home asbestos exposure and *597 concluding duty does extend to household members of an employee exposed to asbestos-but not to others who do not live in the employee's household].)
I would discharge this court's alternative writ as improvidently granted.

To be fair, the writ issued at the express invitation of the trial court judge, who certified his demurrer ruling under Code of Civil Procedure section 166.1. But such invitations are not binding, nor are they quite uncommon. (Bank of America Corp. v. Superior Court (2011) 198 Cal.App.4th 862, 869, fn. 6, 130 Cal.Rptr.3d 504 [Code of Civil Procedure section 166.1 permits a trial judge to encourage an appellate court to hear and decide a question but does not change existing writ procedures]; see also, e.g., Farmers Insurance Exchange v. Superior Court (2013) 218 Cal.App.4th 96, 104-105, 159 Cal.Rptr.3d 580 [trial judge certifying question]; Moore v. Kaufman (2010) 189 Cal.App.4th 604, 613, 117 Cal.Rptr.3d 196 [same].)

One potential example that comes to mind are food delivery businesses (e.g., Domino's Pizza) unlikely to deliver beyond a limited geographical area.

Insofar as the record at this early stage does not firmly establish this is the case, it is either (a) a problem that could be cured by amending the complaint, or (b) an example of a duty question that should not be fully answered until after resolution of factual issues. (See Alcaraz v. Vece (1997) 14 Cal.4th 1149, 1162, fn. 4, 60 Cal.Rptr.2d 448, 929 P.2d 1239 [existence and scope of a defendant's duty of care is a legal question for a court, but trier of fact must resolve factual issues that are logically prior to the question of duty].)